IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULING INSTITUTE, INC. d/b/a SCHEDULING INSTITUTE, JAY M. GEIER, individually and d/b/a SCHEDULING INSTITUTE and JOHN DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 4:15-cv-00450-JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS**, Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry ("Plaintiff" or "Class Representative") and Defendant Scheduling Institute, Inc. ("Scheduling Institute") have entered into a Proposed Settlement Agreement executed on February 18, 2016 ("Settlement Agreement") that provides for a class action settlement of this litigation (the "Action"); and

**WHEREAS**, Plaintiff filed its Motion for Preliminary Approval of Class Action Settlement on February 19, 2016; and

**WHEREAS**, this Court has read and considered the Settlement Agreement along with the Exhibits thereto and has also read and considered Plaintiff's Motion for Preliminary Approval of Class Action Settlement; and

**WHEREAS**, this Court finds that there is good cause shown for granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The capitalized terms used in this Order granting Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement shall have the same meanings set forth in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby preliminarily determines that this Action may proceed as a class action on behalf of the following Settlement Class:

> All persons in the United States who (1) on or after February 5, 2011, through the date of preliminary approval, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendant does not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

3. Excluded from membership in the Settlement Class (a) any employees of Defendant Scheduling Institute; (b) the Judge to whom the Action is assigned; and (c) any member of the Judge's staff or immediate families.

4. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist; that the claims of the Class Representative are typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel

can adequately protect the interests of the Settlement Class Members; that questions of law or fact common to class members predominate over any questions affecting only individual members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Settlement is not finally approved by the Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Settlement is not finally approved by this Court or otherwise does not take effect.

6. The Court conditionally appoints Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP as Class Counsel and Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry as Class Representative for purposes of this Settlement. The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class and as falling within the range of possible final approval.

8. The Final Approval Hearing shall be held before this Court at 10 a.m. on July 14, 2016, at the United States District Court for the Eastern District of Missouri, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate and whether the Final Approval Order should be entered; and (b) whether Class Counsel's application for attorneys' fees, costs, and an incentive award should be approved. Consideration of Class Counsel's application for an award of attorneys' fees, costs, and incentive awards shall

be separate from consideration of whether or not the proposed Settlement should be approved and shall be embodied in a separate order. The Court may continue this hearing without providing further notice to Settlement Class Members.

9. The Court approves, as to form and content, the Long Form Notice, press release, and direct mail notice attached as Exhibits "B," "C," and "D" to the Settlement Agreement, respectively.

10. No later than March 11, 2016, the Claims Administrator shall post on the Settlement Website a Question and Answer Notice ("Q&A Notice"), which shall set forth in a question and answer format the details of the settlement and the rights of Class Members to participate in the settlement, exclude themselves, or object to the settlement. The settlement website shall contain downloadable copies of the Preliminary Approval Order, Long Form Notice, Settlement Agreement, claim form, and when filed, Class Counsel's motions for an attorneys' fees and expenses award and for an incentive fee for the Class Representative. The settlement website shall also contain appropriate links through which Settlement Class Members can submit a claim online.

11. No later than thirty (30) days after the Preliminary Approval Order is entered, the Claims Administrator shall provide notice by facsimile to the facsimile numbers provided by Scheduling Institute that are believed to be associated with certain individuals who are potential Class Members.

12. The Court finds that the Parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in Section IX of the Settlement Agreement and in Paragraphs 10-11 of this Order: (i) constitutes the best notice practicable under the circumstances; (ii)

constitutes due and sufficient notice to the Settlement Class; and (iii) satisfies the requirements of Federal Rule of Civil Procedure 23 and the United States Constitution.

13.     Any Settlement Class Member shall be entitled to make a claim. Each Settlement Class Member shall be entitled to make only one claim regardless of the number of Fax Advertisements sent to that Settlement Class Member. A claim must satisfy the requirements set forth in Section 10.03 of the Settlement Agreement and must be submitted on or before the Claims Deadline. The Claims Deadline shall be May 31, 2016. The Court hereby approves the claim form attached as Exhibit "F" to the Settlement Agreement.

14.     Any member of the Settlement Class who wishes to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must advise the Claims Administrator in writing of that intent. To be effective, opt out requests must comply with the requirements of Section XII of the Settlement Agreement and must be postmarked no later than May 31, 2016 ("Opt-Out Deadline"). Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of the Settlement Agreement.

15.     The Parties shall submit a list of valid opt outs to the Court after the Opt-Out Deadline passes and at or before the Final Approval Hearing.

16.     Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the fairness of the Settlement Agreement. Objections must comply with the requirements set forth in Section 12.02 of the Settlement Agreement and must be filed and served no later than July 1, 2016. Any Settlement Class Member who does not make an objection in the manner required herein shall waive and forfeit any and all rights to appear

separately and/or object and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

17. Any Settlement Class Member who files a timely Objection that satisfies the requirements of Section 12.02 of the Settlement Agreement may appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the settlement; provided, however, that no Settlement Class Member shall be heard unless such member files a Notice of Appearance with the Court no later than July 1, 2016, and serves a copy of such notice of appearance on counsel for all Parties.

18. All papers to be considered at the Fairness Hearing, including memoranda to be filed by the Parties in support of the settlement, shall be served and filed no later than July 7, 2016.

21. Except as provided herein, the Action is stayed pending the Court's final decision on the fairness of the proposed settlement.

**IT IS SO ORDERED, ADJUGED, AND DECREED** this 26th day of February, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE