**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, )<br>)<br>)<br>Plaintiff,                        )<br>)<br>v.                                   )<br>)<br>SCHEDULING INSTITUTE, INC. d/b/a )<br>SCHEDULING INSTITUTE, JAY M. GEIER, )<br>individually and d/b/a                )<br>SCHEDULING INSTITUTE            )<br>and JOHN DOES 1-10,              )<br>)<br>Defendants.                         ) | Case No.: 4:15-cv-00450-JAR |

**JUDGMENT AND ORDER OF FINAL APPROVAL OF CLASS ACTION
SETTLEMENT**

The Court having held a Final Approval Hearing on July 14, 2016, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore,

It is hereby **ORDERED AND DECREED** as follows:

1.  Plaintiff Suzanne Degnen, D.M.D., P.C. ("Plaintiff") sued Scheduling Institute in state court, asserting a claim on behalf of itself and a similarly situated class that Defendant Scheduling Institute ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 ("TCPA") by sending Plaintiff and members of the class facsimile messages without first obtaining prior express written consent. The case was subsequently removed to this Court.

2.  The settlement class was conditionally certified for settlement purposes in this Court's preliminary approval order:

> All persons in the United States who (1) on or after February 5, 2011, through the date of preliminary approval, (2) were sent a

telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendant does not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

3. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all settlement class members (as defined above), including, without limitation, jurisdiction to approve the proposed settlement, grant final certification of the settlement class, and dismiss this Action with prejudice.

4. The Court finds that, for purposes of approving and effectuating the settlement embodied in the settlement agreement (Doc. No. 56-1), and only for such purposes, the prerequisites for certifying this Action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met, in that: (a) the members of the settlement class are so numerous that joinder of all individual members is impracticable; (b) there are questions of law and fact common to the settlement class, which questions predominate over individual questions; (c) the claims of the class representative is typical of the settlement class members; (d) the class representative and Class Counsel have fairly and adequately represented the interests of the settlement class and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the issues relating to the settlement.

5. A total of two settlement class members submitted requests for exclusion. The Court hereby orders that each of those individuals is excluded from the settlement class. Those

individuals will not be bound by the settlement agreement, and neither will they be entitled to any of its benefits.  Those individuals will not be bound by this order and final judgment or the releases herein.

6. There have been no objections to the settlement asserted by any members of the settlement class.

7. The class representative appointed in this Court's order preliminarily approving the settlement has fairly and adequately represented the settlement class throughout the proceedings and is hereby finally confirmed and appointed as class representative.

8. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the settlement class throughout the proceedings and for purposes of entering into and implementing the settlement, and thus hereby reiterates the appointment of Class Counsel to represent the settlement class.

9. Pursuant to Federal Rule of Civil Procedure 23(c)(2) and (e), the notice provided to the settlement class constitutes the best and most practicable notice under the circumstances. The notice program was designed to provide notice in the manner most likely to be received and read by settlement class members.  The settlement class received valid, due, and sufficient notice that complied fully with Federal Rule of Civil Procedure 23 and the Constitutional requirements of due process.

10. The Court hereby finds and concludes that the notice provided by the Claims Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute (*see* Doc. No. 56-2 at 9-11).

11. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds, after a

hearing and based upon all submissions of the Parties and interested Persons, that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the settlement agreement are the product of lengthy, arm's-length negotiations.  Approval of the settlement will result in substantial savings of time, money, and effort to the Court and the Parties, and will further the interests of justice.  The Court hereby finally approves the agreement, the exhibits, and the settlement contemplated thereby, and directs its consummation pursuant to its terms and conditions.

12.   Having considered the submissions by Class Counsel and all other relevant factors, the Court finds that Class Counsel have expended substantial time and effort in their able prosecution of claims on behalf of the settlement class. The Class Representative initiated this action, acted to protect the settlement class, and assisted Class Counsel. The efforts of Class Representative and Class Counsel have produced a settlement agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the settlement class. In evaluating an award of attorneys' fees under the facts and circumstances of this case, the Court favors a lodestar and multiplier approach over a percentage of recovery approach, as it provides a rational basis for the Court's review and determination. The Court has reviewed *in camera* the billing statements of Class Counsel. Defendant has agreed to Class Counsel's request for $285,000 as attorneys' fees, and $760.23 for expenses incurred in the litigation, and the Court approves these requests as reasonable.  The Court has also reviewed records submitted in support of the requested payment to the Class Representative.  Based on the information provided, the Court will reduce the service award to the Class Representative from $8,000 to $5,000, an amount that the Court considers fair in light of the total hours spent in pursuit of this litigation by the Class Representative, which is less than 30 hours.  Payment to the Class Representative and

attorneys' fees awarded shall be paid from the Settlement Fund in accordance with the settlement agreement.

13. All settlement class members who have not been excluded above are bound by this order, the accompanying final judgment, and by the terms and provisions of the settlement agreement incorporated herein.

14. The Court hereby **DISMISSES** this action with prejudice, without costs to any party, except as awarded above.

15. The Plaintiffs and each of the settlement class members unconditionally, fully, and finally release and forever discharge the released parties as provided in the settlement agreement.

16. The settlement agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, this order and the final judgment, or the fact of the settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of liability, fault or wrongdoing, or in any way referred to for any other reason, by the Plaintiff, settlement class member, Defendant, any releasing party or released party in this action or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the provisions of the Agreement, this order and the final judgment. Without affecting the finality of this judgment, the Court, under the Court's contempt power, retains exclusive jurisdiction over this Action and the Defendant, Plaintiff, and settlement class members in this action regarding the settlement including without limitation the settlement agreement and this order.

17. No opinions concerning the tax consequences of the settlement to settlement class members have been given, and no representations or warranties regarding such tax consequences

are made in the Agreement. The Parties and their respective counsel shall not be liable to any party or person for any tax consequences that result from the implementation of this settlement. Settlement class members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the settlement and any tax reporting obligations with respect to it.

18.     The Court reserves jurisdiction over the implementation, administration and enforcement of this order, the final judgment, the settlement agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this order or the final judgment shall preclude any action to enforce the terms of the settlement agreement; nor shall anything in this order or the final judgment preclude Plaintiff or settlement class members from participating in the claims process described in the settlement agreement if they are entitled to do so under the terms of the settlement agreement.

19.     Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency.

20.     The Parties and their counsel are hereby directed to implement the settlement agreement according to its terms and provisions, with the exception of the reduction in the incentive award made to the Class Representative (see ¶ 12, *supra*).

21.     As of the date of the final approval hearing, an approximate total of 1,558 settlement class members submitted timely and valid claims. The Court hereby orders that these claims, and any other claims subsequently determined to be timely and valid by the settlement administrator pursuant to the terms set forth in the settlement agreement, be treated as approved claims for purposes of distributing the settlement benefits.

22.     By incorporating the settlement agreement (Doc. No. 56-1) and incorporating its terms, the Court determines that this order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

23.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated this 4th day of August, 2016.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**